IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 06-cv-00945-WDM-CBS

ABU-LATIF K. ABU-NANTAMBU-EL,
      Plaintiff,
v.

DIRECTOR DENVER SHERIFF DEPT. BILL LOVINGIER, et al.,
      Defendants.

---

**RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE
REGARDING DEFENDANT MALATESTA'S MOTION TO DISMISS**

---

Magistrate Judge Craig B. Shaffer

This matter comes before the court on Defendant Mary Malatesta's Fed.R.Civ.P. 12(b)(6) Motion to Dismiss [doc. #38], filed August 8, 2006. Plaintiff filed his Answer [doc. #44], on September 5, 2006. Defendant filed her Reply [doc. #47], on September 11, 2006.

Pursuant to the Order of Reference, filed June 29, 2006, this civil action was referred to the Magistrate Judge to, *inter alia*, "[h]ear and determine pretrial matters . . . and submit proposed findings of fact and recommendations for rulings on dispositive motions . . . ." By a Memorandum, dated August 8, 2006, Defendant Malatesta's motion was referred to this court for a recommendation. The court has reviewed the parties' briefs, the entire case file, and the applicable law, and is sufficiently advised in the premises. For the following reasons, the court recommends that the claims against Defendant Malatesta be dismissed without prejudice.

1

## I.    Background

This is a prison inmate civil rights case alleging claims under 42 U.S.C. §1983, 42 U.S.C.

§1985(3), 42 U.S.C. §1986, 42 U.S.C. §2000cc, and 42 U.S.C. §1997(d).   Plaintiff Abu-Latif K.

Abu-Nantambu-el ("Plaintiff") is a convicted felon formerly incarcerated at the Denver County

Jail.   Plaintiff's Amended Prisoner Complaint ("Amended Complaint") alleges violations of his

First, Fourth, Fifth, Eighth, and Fourteenth Amendment rights.   Plaintiff's claims relate to the

conditions of his confinement and specifically allege denial of his freedom to engage in his

religious practices, physical abuse, malicious conduct, retaliatory actions, and excessive force.

*See* Amended Complaint, at 9-10.   Plaintiff names as defendants several officials and officers

employed by the Denver Sheriff's Department, as well as Mary Malatesta ("Defendant

Malatesta"), who is not employed by the Denver Sheriff's Department, but rather is an

investigator at the Denver Office of the Independent Monitor ("OIM").

The Amended Complaint alleges that Ms. Malatesta "is responsible for actions to be taken

or not taken on deputies and staff of [the] Sheriff's Department."   According to Plaintiff:

> The Defendants and Internal Affairs Bureau (IAB), M. Malatesta, all deprived the
> Plaintiff, as an individual and as a member of a class, and conspired to deprive him
> of federal and state constitutional and statutory rights, promoted and facilitated the
> commission of crimes against Plaintiff overtly with each other, these acts
> motivated (sic) and done by racial bias, retaliation and class based animus.
>
> Defendants. . . and M. Malatesta, Office of the Independent Monitor, all have
> conspired . . . and failed to use their authority to stop or prevent this systematic
> campaign of harassment, retaliatory, unconstitutional and conspiratoral (sic) acts
> perpetrated against Plaintiff for his religious beliefs. . . Defendants . . . and M.
> Malatesta . . . all were additionally in violation of 42 U.S.C. § 1986."

*See* Amended Complaint, at ¶¶ 42 and 44.   The court interprets these particular claims as brought

under 42 U.S.C. §1985(3) and 42 §1986, respectively.   Plaintiff is suing Defendant Malatesta in

2

her individual and official capacities as an investigator at the OIM.

## II.      Standard of Review

Defendant Malatesta has moved to dismiss the Amended Complaint pursuant to Rule 12(b)(6).  Rule 12(b)(6) states that a court may dismiss a complaint for "failure to state a claim upon which relief can be granted."  *See* Fed.R.Civ.P. 12(b)(6).  When reviewing a Rule 12(b)(6) motion to dismiss, the court accepts the well-pleaded allegations of the complaint as true and construes them in the light most favorable to the plaintiff.  *Ramirez v. Dep't of Corr.*, 222 F.3d 1238, 1240 (10th Cir. 2000).  A complaint should not be dismissed under Rule 12(b)(6) "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief."  *Id.* (quoting *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)).

Further, the court must construe Plaintiff's Amended Complaint and other papers liberally because he appears *pro se*.  *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  However, the court may not be the *pro se* litigant's advocate.  *See Hall*, 935 F.2d at 1110.  The court may not assume that Plaintiff can prove facts that have not been alleged, or that Defendant Malatesta has violated laws in ways that Plaintiff has not alleged.  *Assoc. Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters*, 459 U.S. 519, 526 (1983).

## III.     Analysis.

A review of Plaintiff's lengthy Amended Complaint reveals that Defendant Malatesta is specifically mentioned by name only in the sixth claim for relief, which alleges that Defendant

Malatesta conspired with others to deprive Plaintiff of federal and state constitutional and statutory rights in violation of 42 U.S.C. §1985(3).  The sixth claim further avers that Defendant Malatesta failed to prevent a "systematic campaign of harassment, retaliatory, unconstitutional and conspiratoral (sic) acts perpetrated against Plaintiff for his religious beliefs" in violation of 42 U.S.C. §1986.  *See* Amended Complaint, at ¶ 44.  Defendant Malatesta challenges the legal sufficiency of these allegations under Rule 12(b)(6).

A.      42 U.S.C. §1985(3)

Defendant Malatesta insists that the claims against her should be dismissed because "the [Amended] Complaint is devoid of any specific factual allegations relating to Ms. Malatesta," and "does not disclose any facts whatsoever which support the Plaintiff's conclusory allegations that Ms. Malatesta deprived the Plaintiff of federally-protected rights or that she conspired with other (sic) to do the same."  *See* Defendant's Motion to Dismiss, at 3.

In response, Plaintiff insists that Defendant Malatesta promoted, facilitated, and had knowledge of the unconstitutional acts committed against him and failed to "disassociate herself from these constitutional violations and conspiracy to violate the plaintiffs (sic) rights."  *See* Answer to Defendant's Motion to Dismiss, at 9.  Further, Plaintiff claims that Defendant Malatesta, "in an agreement with the [Internal Affairs Bureau] and Sheriffs Department Administration, made the decision to do nothing and failed to act, stop or make the appropriate recommendations to stop and or discipline, or inact (sic) policy changes to prevent these violations and unconstitutional acts by the Denver Sheriff Dept (sic)."  *Id.* at 10.  Plaintiff contends that by failing to act, Defendant Malatesta acted as a "complicitor (sic) and conspirator

4

with IAB and [the] Denver Sheriff Dept (sic)." *Id.*

Defendant Malatesta replies that Plaintiff has failed to inform her of when and how she allegedly committed any unconstitutional acts and what those specific acts were. *See* Defendant's Reply, at 2. Further, Defendant Malatesta contends that Plaintiff's suggestion that she should have corrected or remedied the allegedly unconstitutional conditions mischaracterizes her authority, since the ordinance creating the OIM makes clear that Defendant Malatesta is not empowered to intervene, correct, or change the conditions of Plaintiff's confinement. *See* Exhibit A attached to Defendant's Motion to Dismiss.[1]

"The essential elements of a §1985(3) claim are: (1) a conspiracy; (2) to deprive plaintiff(s) of equal protection or equal privileges and immunities; (3) an act in furtherance of the conspiracy; and (4) an injury or deprivation resulting therefrom." *Tilton v.*

---

[1] The Denver Municipal Code describes the OIM:

Sec. 2-371. Office created.

(b) The monitor's office shall actively monitor and participate in certain investigations of uniformed personnel; make recommendations to the manager of safety regarding administrative action, including possible discipline, for such uniformed personnel; make recommendations regarding policy issues; and address any other issues of concern to the community, the members of the citizen oversight board ("board") created pursuant to section 2-377, the manager of safety, the chief of police, or the undersheriff. For purposes of this article, "uniformed personnel" means all members of the classified service of the Denver police department, all sworn members of the Denver sheriff department, and members of the Denver fire department who are authorized to carry and use firearms on duty.

*See* Denver Revised Municipal Code, §2-371(b). The OIM monitors all complaints made against uniformed members of the Denver Sheriff Department. Complaints made to OIM are maintained as a part of OIM's database and permit it to conduct quarterly and annual reviews of potential patterns of deputy conduct. *See* Exhibit A, attached to Plaintiff's Answer to Defendant's Motion to Dismiss.

*Richardson*, 6 F.3d 683, 686 (10th Cir.1993) (citing *Griffin v. Breckenridge,* 403 U.S. 88

(1971)).  The first element, a conspiracy, "'requires the combination of two or more persons

acting in concert.'"  *Brever v. Rockwell Int'l Corp.*, 40 F.3d 1119, 1126 (10th Cir. 1994) (quoting

*Abercrombie v. City of Catoosa,* 896 F.2d 1228, 1230 (10th Cir.1990)).  A plaintiff may establish

this element through direct or circumstantial evidence of a meeting of the minds or agreement

among the defendants.

> Even if the plaintiff has no basis on which to allege that the purported conspirators
> communicated with each other, the plaintiff's claims can withstand a motion to
> dismiss if the facts alleged "give rise to the inference that defendants conspired.
> The complaint must at least create the inference of a "meeting of the minds."

*Wesley v. Don Stein Buick, Inc.*, 996 F. Supp. 1299, 1307 (D. Kan. 1998).

The court acknowledges that Rule 8(a)(2) requires "a short and plain statement of the

claim showing that the pleader is entitled to relief."  *See* Fed.R.Civ.P. 8(a)(2).  This pleading

requirement is intended to "give the defendant fair notice of what the plaintiff's claim is and the

grounds upon which it rests."  *Leatherman v. Tarrant County Narcotics Intelligence &*

*Coordination Unit*, 507 U.S. 163, 168 (1993).  *See also Blinder & Robinson Co. v. SEC*, 748

F.2d 1415, 1419 (10th Cir. 1984) ("a plaintiff must state a compensable claim for relief that details

the facts forming the basis for the claim").  Moreover, "the nature of conspiracies often makes it

impossible to provide details at the pleading stage and . . . the pleader should be allowed to resort

to the discovery process and not be subject to dismissal of his complaint."  5 C. Wright & A.

Miller, *Federal Practice & Procedure,* § 1233, at 376-77 (3d ed. 2004).

However, "dismissal remains appropriate . . . if the clams are based on nothing more than

conclusory allegations lacking any supporting factual averments to show agreement and concerted

action." *Schamp v. Shelton*, 2006 WL 2927523, *4 (D. Kan. 2006).  It is well-settled that a §1985(3) conspiracy must be pleaded with more than "conclusory allegations that defendants acted 'in concert' or 'conspired' without specific allegations to support such assertions." *Merritt v. Hawk*, 153 F. Supp.2d 1216, 1225 (D. Colo. 2001).  Plaintiff must do more than merely state vague and conclusory allegations respecting the existence of a conspiracy.  *See Tonkovich v. Kansas Board of Regents*, 159 F.3d 504, 533 (10th Cir. 1998).  *See also Paulino v. One Unknown Deputy*, 2006 WL 2088331, *2 (D. Kan. 2006) ("mere conclusory allegations of a conspiracy with no factual averments are insufficient to state a claim under Section 1985(3)"), *aff'd*, 2006 WL 3190277 (10th Cir. Nov. 6, 2006).

Plaintiff's Amended Complaint does contain some general allegations – framed in broad language closely paralleling that used in §1985(3) – that Defendant Malatesta conspired to deprive Plaintiff of his rights.  *See* Amended Complaint, at ¶ 42.  Yet, the allegations against Defendant Malatesta offer little beyond these sweeping generalities.  The Amended Complaint fails to state specifically how Defendant Malatesta acted in concert with any of the other defendants, or when and how she allegedly conspired to commit unconstitutional acts.  Plaintiff prefaces the allegations in his sixth claim for relief – the only claim that specifically mentions Ms. Malatesta – by referencing paragraphs 1 through 41 of the Amended Complaint.  Notably, those paragraphs do not refer at all to Defendant MALATESTA.

In his Answer to Defendant Malatesta's Motion to Dismiss, Plaintiff contends that Defendant Malatesta "in her position at the Independent Monitor and as an attorney, had first hand and professional knowledge of the clearly established constitutional laws and rights " which Plaintiff contends were violated.  Defendant's general knowledge of the law, however, is not

evidence of her participation in a conspiracy. *Cf. AB Iro v. Otex, Inc.*, 566 F. Supp. 419, 462 N. 4 (D. S.C. 1983) (knowledge without more does not make an individual a co-conspirator); *Bergman v. United States*, 551 F. Supp. 407, 415 (W.D. Mich. 1982) (holding that "mere knowledge . . . is insufficient to sustain a claim of conspiracy under §1985(3)").

Plaintiff further suggests that Defendant Malatesta "had direct involvement and input in these violations of the Constitution." *See* Plaintiff's Answer to Defendant Malatesta's Motion to Dismiss, at 7. As support for this contention, Plaintiff attached to his Answer two letters he received from Ms. Malatesta. In a letter dated May 4, 2006, Ms. Malatesta indicated that the Office of the Independent Monitor had been advised of Plaintiff's allegations regarding aggressive conduct by Deputy Sheriff Robbins. Ms. Malatesta advised Plaintiff that her office

> was given an opportunity to review and monitor this case from the earliest stages and we have done so. We have also undertaken a view of the investigation and found it to be fair, thorough and complete. The investigation was then reviewed by the Department's command staff, which made the findings and recommendations that are set forth in the attached letter. The Office of the Independent Monitor has reviewed these findings and we find them to be both reasonable and supported by objective evidence.

*See* Exhibit A attached to Plaintiff's Answer to Defendant's Motion to Dismiss.

In a separate letter dated February 2, 2006, Ms. Malatesta acknowledged that OIM had been made aware of Plaintiff's allegations of harassment by the Denver Sheriff's Department. This letter also forwarded a copy of findings made by the Department's Bureau of Internal Affairs. *But see Peck v. United States*, 470 F. Supp. 1003, 1012 (S.D.N.Y. 1979) (noting that mere knowledge is insufficient to sustain a claim of conspiracy under § 1985(3)). Plaintiff was advised that OIM would maintain a copy of his complaint in its database and utilize that information to conduct quarterly and annual reviews of potential patterns of deputy conduct. Ms.

8

Malatesta indicated that such reviews "will assist us in improving the level of sheriff services provided to the community in the long term."  *See* Exhibit B attached to Plaintiff's Answer to Defendant's Motion to Dismiss.

Neither of these letters contain any information that would substantiate Plaintiff's bald allegation that Defendant Malatesta "had direct involvement and input" into the alleged violations set forth in the Amended Complaint.  *Cf. Langley v. Adams County*, 987 F.2d 1473, 1482 (10th Cir. 1993) (noting that mere employment by the same employer does not create a sufficient inference of agreement); *Loftus v. Southeastern Pennsylvania Transportation Authority*, 843 F. Supp. 981, 987 (E.D. Pa. 1994) (noting that "parallel but independent action by actors does not import conspiracy"); *Hauptmann v. Wilentz*, 570 F. Supp. 351, 390 (D. N.J. 1983) (in dismissing civil rights claims asserted against an FBI agent, held that the defendant agent's mere knowledge of alleged violations, even when coupled with allegations of failure to take any action, is insufficient by itself to plead joint participation in a conspiracy).  More importantly, neither of these letters present facts from which to infer that Defendant Malatesta acted "in concert" or "conspired" with any other defendant.  Given the insufficiency of Plaintiff's allegations, the §1985 claim against Defendant Malatesta should be dismissed.


B.    42 U.S.C. §1986

Next, Plaintiff claims that Defendant Malatesta could have, but failed to, prevent a "systematic campaign of harassment, retaliatory, unconstitutional and conspiratorial (sic) acts perpetrated against Plaintiff for his religious beliefs" in violation of 42 U.S.C. §1986.  Section 1986 provides as follows:

> Every person who, having knowledge that any of the wrongs conspired to be done, and mentioned in section 1985 of this title, are about to be committed, and having power to prevent or aid in preventing the commission of the same, neglects or refuses so to do, if such wrongful act be committed, shall be liable to the party injured, or his legal representatives, for all damages caused by such wrongful act, which such person by reasonable diligence could have prevented . . .

In other words, §1986 provides a remedy against any person who has knowledge of, and the power to prevent, a §1985 conspiracy, but neglects or refuses to act. *Burnett v. Grattan*, 468 U.S. 42, 45 n. 5 (1984). To be liable under §1986, a defendant must have actual knowledge of a §1985 conspiracy, and have the ability to prevent or aid in preventing that conspiracy. *Wesley v. Don Stein Buick, Inc.*, 996 F. Supp. 1312, 1315 (D. Kan. 1998).

Because a §1986 claim is considered derivative of §1985 violations, the §1986 claim must be dismissed where the plaintiff fails to state a cause of action under §1985(3). *See Park v. City of Atlanta*, 120 F.3d 1157, 1159-60 (11th Cir. 1997). Where no viable claim under §1985 for a conspiracy is made, a claim under §1986 based upon neglect or refusal of certain persons to prevent the violation of §1985 similarly fails. *Santistevan v. Loveridge*, 732 F.2d 116 (10th Cir. 1984). However, an individual defendant named in a §1986 claim need not be a participant in the actual §1985 conspiracy. "[W]hile §1986 clearly requires the existence of a §1985 conspiracy, the statute does not require a showing that the defendant subject to the §1986 claim actually 'participated in that conspiracy or that they shared in the discriminatory animus with members of the conspiracy.'" *Brantley v. City of Macon*, 390 F. Supp.2d 1314, 1330 (M.D. Ga. 2005). With this Recommendation, the court has only addressed the sufficiency of the §1985 conspiracy allegations directed against Defendant Malatesta. The court offers no opinion as to the sufficiency of conspiracy allegations directed toward other defendants. The court cannot conclude, at this time, that Plaintiff could not present evidence to support *any* §1985 conspiracy.

Notwithstanding the possibility that some defendants conspired in violation of §1985, the court concludes that the §1986 claim against Defendant Malatesta is deficient under Rule 8 and Rule 12(b)(6).  In the event that Plaintiff could establish a §1985 violation by some other defendant, Defendant Malatesta might be liable under §1986 if (i) she had actual knowledge that constitutional violations were about to be committed, (ii) the ability to prevent or aid in the prevention of those violations, and (iii) neglected or refused to do so.

Liberally construing the allegations in the sixth claim for relief, Plaintiff contends that various named defendants "turned a blind eye and deaf ear to the overt violations and criminal acts perpetrated against the plaintiff and other muslims."  *See* Amended Complaint, at ¶ 44. Defendant Malatesta's name is notably absent from this list of defendants.  *Cf. Buck v. Board of Elections*, 536 F.2d 522, 524 (2d Cir. 1976) (knowledge of the unconstitutional conduct is a statutory prerequisite for a claim under § 1986).  To be liable for a violation of §1986, a defendant must have actual knowledge that unconstitutional conduct is *about to be committed. See Brandon v. Lotter*, 976 F. Supp. 872, 876-77 (D. Neb. 1997).  The Amended Complaint does not allege when or how Defendant Malatesta was notified of alleged unconstitutional actions by members of the Sheriff's Department.  Rather, Plaintiff contends, in conclusory fashion, that Defendant Malatesta "failed to use [her] authority to stop or prevent this systematic campaign of harassment, retaliatory, unconstitutional and conspiratorial acts perpetrated against plaintiff."  *Id. But see Coburn v. Nordeen*, 72 Fed.Appx. 744, 746, 2003 WL 21662064 (10th Cir. 2003) ("[i]n conducting a Rule 12(b)(6) analysis, the court need not accept as true any conclusory allegations contained in the complaint"); *Northern Trust Co. v. Peters*, 69 F.3d 123, 130 (7th Cir. 1995) (in deciding a motion to dismiss for failure to state a claim, "well pleaded allegations of the complaint

are to be taken as admitted, but mere unsupported conclusions of fact or mixed fact and law are not admitted"); *Delatorre v. Minner*, 238 F. Supp.2d 1280, 1285 (D. Kan. 2002) ("[r]eferencing a legal theory by name and generally alleging some of its elements outside of any specific factual context or without any detail will not suffice" to defeat a Rule 12(b)(6) motion).  Plaintiff offers no well-pled facts to support this sweeping assertion.[2]

Plaintiff elaborates on his §1986 allegation in his Answer to Malatesta's motion to dismiss.  The Answer contends that Defendant Malatesta "reviewed, oversaw, monitored and investigated Plaintiff's complaint of unconstitutional, illegal treatment and conditions of confinement . . . and she took no definitive, decisive and positive steps to disassociate herself from these constitutional violations and conspiracy to violate the plaintiff's rights."  *See* Answer to Defendant Malatesta's Motion to Dismiss, at 9.  These allegations seem to aver that Defendant Malatesta failed to properly react to a §1985 violation committed by members of the Denver Sheriff's Department, not that she failed to prevent a §1985 violation, as required for a §1986 violation.  *Cf. Steeprow v. Bush*, 2005 WL 1228285, *8 (M.D. Fla. 2005) (holding that plaintiff had failed to allege a §1986 claim where his allegations indicated a failure to react, rather than a failure to prevent).

Under the circumstances, the court concludes that Plaintiff's allegations against Defendant

---

[2]The court notes that the OIM has the discretion to "monitor" any internal Sheriff's Department investigation of any citizen complaint alleging improper use of force, discrimination based on race or religion, or retaliation for making a complaint against Sheriff Department uniformed personnel.  The OIM is also directed to submit "an annual public report" setting forth the OIM's work during the prior calendar year and "making recommendations regarding the sufficiency of investigations and the appropriateness of disciplinary actions, if any, and changes to policies, rules and training."  *See* Denver, Colo. Revised Municipal Code § 2-375.  Plaintiff's claims against Defendant Malatesta may rely on a misperception of OIM's authority to require action by the Sheriff's Department.

Malatesta are insufficient to state a claim for relief under §§1985 or 1986.  However, the court cannot discount completely the possibility that Plaintiff can correct the pleading defects identified in this Recommendation.  *Cf. Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1089, 1108 (9th Cir. 2003) (noting that dismissals under Rule 12(b0(6) should ordinarily be without prejudice); *Powell Duffryn Terminals, Inc. v. CJR Processing, Inc.*, 808 F. Supp. 652, 655 (N.D. Ill. 1992) (declining to dismiss with prejudice where it was "conceivable that [Plaintiff] could prove some set of facts upon which this court could grant legal relief").

Accordingly, IT IS RECOMMENDED that:

1.      That Defendant Mary Malatesta's Fed.R.Civ.P. 12(b)(6) Motion to Dismiss [#38], filed August 8, 2006, be granted;

2.      That Defendant Mary Malatesta be dismissed without prejudice from this action.


## IV.      Advisement to the Parties

Within ten days after service of a copy of the Recommendation, any party may serve and file written objections to the magistrate judge's proposed findings and recommendations with the Clerk of the United States District Court for the District of Colorado.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b);  *In re Griego*, 64 F.3d 580, 583 (10th Cir. 1995).

The district judge shall make a *de novo* determination of those specific portions of the proposed findings or recommendations to which specific objection is made.  28 U.S.C. § 636(b)(1).  A general objection that does not put the district court on notice of the basis for the objection will not preserve the objection for *de novo* review.  *See In re Griego*, 64 F.3d at 583; *United States v. One Parcel of Real Property Known As 2121 East 30th Street, Tulsa, Oklahoma*,

73 F.3d 1057, 1060 (10th Cir. 1996).  The district judge may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge.  28 U.S.C. § 636(b)(1).

   "[A] party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for de novo review by the district court or for appellate review."  *One Parcel of Real Property*, 73 F.3d at 1060.  Failure to make timely objections may bar *de novo* review by the district judge of the magistrate judge's proposed findings and recommendations and will result in a waiver of the right to appeal from a judgment of the district court based on the proposed findings and recommendations of the magistrate judge.  *See Vega v. Suthers*, 195 F.3d 573, 579-80 (10th Cir. 1999) (district court's decision to review a magistrate's recommendation *de novo* despite the lack of an objection does not preclude application of the "firm waiver rule");  *One Parcel of Real Property*, 73 F.3d at 1059-60 (a party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for *de novo* review by the district court or for appellate review);  *International Surplus Lines Insurance Co. v. Wyoming Coal Refining Systems, Inc.*, 52 F.3d 901, 904 (10th Cir. 1995) (by failing to object to certain portions of the magistrate's order, cross-claimant had waived its right to appeal those portions of the ruling);  *Ayala v. United States*, 980 F.2d 1342, 1352 (10th Cir. 1992) (by their failure to file objections, plaintiffs waived their right to appeal the magistrate's ruling).  *But see, Morales-Fernandez v. INS*, 418 F.3d 1116, 1122 (10th Cir. 2005) (firm waiver rule does not apply when the interests of justice require review).

DATED at Denver, Colorado, this 3rd day of January, 2007.

BY THE COURT:


*s/Craig B. Shaffer*
Craig B. Shaffer
United States Magistrate Judge