IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 06-cv-00945-WDM-CBS

ABU-LATIF K. ABU-NANTAMBU-EL,
        Plaintiff,
v.

DIRECTOR DENVER SHERIFF'S DEPT. BILL LOVINGIER, et al.,
        Defendants.
_____

RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE
_____

Magistrate Judge Craig B. Shaffer

        The matter before the court is Defendants' Motion for Judgment on the

Pleadings or, in the alternative, for Summary Judgment [doc. # 55], filed September 27,

2006.   Plaintiff filed his Response [doc. # 62] to Defendants' Motion for Judgment on

the Pleadings or, in the alternative, for Summary Judgment on December 13, 2006.

        Pursuant to the Order of Reference [doc. # 14], filed June 29, 2006, this civil

action was referred to the Magistrate Judge to, *inter alia*, "[h]ear and determine pretrial

matters . . . and submit proposed findings of fact and recommendations for rulings on

dispositive motions . . . ."  By a Memorandum [doc. # 56], dated October 23, 2006,

Defendants' Motion for Judgment on the Pleadings or, in the alternative, for Summary

Judgment [doc. # 55], filed September 27, 2006, was referred to the Magistrate Judge

for a recommendation.

1

I.      **Background.**

This is a prison inmate civil rights case alleging claims under **42 U.S.C. § 1983,
42 U.S.C § 1985(3), 42 U.S.C. § 1986, 42 U.S.C. § 2000cc,** and **42 U.S.C. § 1997(d)**.
Plaintiff Abu-Latif K. Abu-Nantambu-el ("Plaintiff") is a convicted felon formerly
incarcerated at the Denver County Jail.   Plaintiff's Amended Prisoner Complaint
("Amended Complaint") alleges violations of his First, Fourth, Fifth, Eighth, and
Fourteenth Amendment rights.   Plaintiff's claims relate to the conditions of his
confinement and the seizure of his personal belongings, specifically alleging denial of
his freedom to engage in his religious practices, physical abuse, malicious conduct,
retaliatory actions, and excessive force.   *(Amd. Compl., pp. 9-10).*   Plaintiff names as
defendants several officials and officers employed by the Denver Sheriff's Department,
as well as Mary Malatesta ("Defendant Malatesta"), who is not employed by Denver
Sheriff's Department, but rather is an investigator at the Denver Office of the
Independent Monitor ("OIM").

II.     **Standard of Review.**

Defendants have moved pursuant to **FED. R. CIV. P. 12(c)** and **(h)(2)** for
judgment on the pleadings, or, in the alternative, for summary judgment pursuant to
**FED. R. CIV. P.  56.**   The court must construe Plaintiff's Amended Complaint and other
papers liberally because he appears *pro se.*   *See Haines v. Kerner*, 404 U.S. 519,
520-21 (1972);   *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).   However, the
court may not be the *pro se* litigant's advocate.   *See Hall*, 935 F.2d at 1110.   The court

may not assume that Plaintiff can prove facts that have not been alleged, or that Defendants have violated laws in ways that Plaintiff has not alleged. ***Assoc. Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters***, 459 U.S. 519, 526 (1983).


   A.   FED. R. CIV. P. 12(c).

   Defendants move for a judgment on the pleadings, seeking to have Plaintiff's Amended Complaint dismissed on exhaustion grounds.  Normally, a defendant should raise the exhaustion issue as early as possible in the litigation. ***Steele v. Federal Bureau of Prisons,*** 355 F.3d 1204, 1212 (10th Cir. 2003).  If, however, the defendant submits a motion to dismiss after filing an answer, as here, the motion should be treated as a motion for judgment on the pleadings. ***Id.*** (citing ***Lowe v. Town of Fairland***, 143 F.3d 1378, 1381 n. 5 (10th Cir.1998)); ***see also*** FED. R. CIV. P. 12(c), (h)(2).

   A Rule 12(c) motion for judgment on the pleadings is governed by the same standards as a Rule 12(b)(6) motion to dismiss. ***Mock v. T . G. & Y.,*** 971 F.2d 522, 528 (10th Cir.1992).  In reviewing a defendant's Rule 12(c) motion, the court assumes the veracity of the "well-pleaded factual allegations" in the complaint and draws all reasonable inferences in the plaintiff's favor. ***Shaw v. Valdez***, 819 F.2d 965, 968 (10th Cir.1987); ***see Zinermon v. Burch***, 494 U.S. 113, 118 (1990). The issue is not whether the plaintiff ultimately will prevail, but whether the plaintiff is entitled to offer evidence to support his claims. ***Scheuer v. Rhodes***, 416 U.S. 232, 236, (1974), *overruled on other*

3

grounds, ***Davis v. Scherer***, 468 U.S. 183 (1984).  The court may dismiss a case for failure to state a claim only if it appears beyond a doubt that the plaintiff can prove no set of facts in support of his theory of recovery that would entitle him to relief.  ***Conley v. Gibson***, 355 U.S. 41, 45-46 (1957).  In order to grant a motion for judgment on the pleadings, it must be apparent that there are no issues of fact and that only questions of law exist.  **5A Charles A. Wright & Arthur Miller, *Federal Practice and Procedure*, § 1367 at 509-10** (1990).

A factual dispute may preclude dismissal under Rule 12(b)(6) or Rule 12(c).  ***Id.*** Exhaustion may not be clear from the prisoner's complaint, supporting materials, and the legal argument.  A motion for summary judgment limited to the narrow issue of exhaustion and the prisoner's efforts to exhaust would then be appropriate.  ***Id.*** (citing ***See McCoy v. Goord,*** 255 F. Supp. 2d 233, 251 (S.D.N.Y.2003)).  If the defendant files a motion to dismiss requiring consideration of additional factual material, the court should convert the motion to one for summary judgment and ensure that the prisoner is given proper notification of the conversion.  ***Id.*** (citing ***Whitesel v. Sengenberger***, 222 F.3d 861, 866 (10th Cir. 2000).

Here, consideration of Defendants' Motion requires consideration of additional factual material, specifically, the Denver County Jail Inmate Handbook outlining grievance procedures.  Therefore, the court is inclined to review Defendants' Motion for Judgment on the Pleadings or, in the alternative, for Summary Judgment [doc. # 55], filed September 27, 2006, as a motion for summary judgment.  On December 19, 2006, the court issued a Minute Order [doc. # 63] providing Plaintiff with notice of its decision

4

to review Defendants Motion as a motion for summary judgment, and giving Plaintiff until January 8, 2006, by which to supplement his Response.  As of this date, Plaintiff has not filed any response pursuant to the court's December 19, 2006 Minute Order.

### B.   FED. R. CIV. P. 56.

A moving party is entitled to summary judgment when the evidence indicates that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law.  **FED. R. CIV. P. 56(c)**.  A requirement of a genuine issue of fact means that the evidence is such that a reasonable jury could return a verdict for the non-moving party.  The moving party has the burden of showing the absence of a genuine issue of material fact, which may be met by showing that there is an absence of evidence to support the non-moving party's case.  *Celotex Corp. v. Catrett,* 477 U.S. 317, 325 (1986).  "[A] party opposing a properly supported motion for summary judgment 'may not rest on mere allegations or denials of his pleading, but . . . must set forth specific facts showing that there is a genuine issue for trial.'" *Anderson v. Liberty Lobby,* 477 U.S. 242, 256 (1986).

In applying the summary judgment standard, the court construes the factual record and any reasonable inferences therefrom in a light most favorable to the party opposing summary judgment.  *Blue Circle Cement, Inc. v. Board of County Comm'rs of the County of Rogers,* 27 F.3d 1499, 1503 (10th Cir. 1991).  However, the mere existence of some alleged factual dispute will not defeat an otherwise properly supported motion for summary judgment.  *FDIC v. Hulsey,* 22 F.3d 1472,

1481 (10th Cir. 1994).  To constitute a genuine factual dispute, there must be more than a scintilla of evidence; summary judgment may be granted if the evidence is merely colorable or is not significantly probative.  *Vitkus v. Beatrice, Co.,* 11 F.3d 1535, 1539 (10th Cir. 1993).  "[T]he relevant inquiry is 'whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law.'" *Bingaman v. Kansas City Power & Light Co.,* 1 F.3d 976, 980 (10th Cir. 1993) (quoting *Anderson,* 477 U.S. at 251-52).

The court has reviewed the Motion, Plaintiff's Response [doc. # 62], the pleadings, the exhibits, the entire case file, and the applicable law and is sufficiently advised in the premises.  The court recommends that Defendants'[1] Motion for Judgment on the Pleadings or, in the alternative, for Summary Judgment [doc. #  55], filed September 27, 2006, be granted.

## III.    Analysis.

As with any action brought under §1983 with respect to prison conditions, Plaintiff must demonstrate that he exhausted all administrative remedies available prior to seeking additional relief.  The Prison Litigation Reform Act states that "[n]o action

---

[1]   Plaintiff also names four unnamed Defendants in his Amended Complaint. As of the date of this Recommendation, Plaintiff has failed to identify these Defendants or offer proof of service since the filing of his Amended Complaint on June 5, 2006. However, Defendants' Motion for Judgment on the Pleadings or, in the alternative, for Summary Judgment on December 13, 2006, in particular their arguments with respect to total exhaustion, apply with equal force to the unnamed Defendants.  Therefore, if the court adopts the recommendation, it should dismiss Plaintiff's Amended Complaint in its entirety, including any claims against the four unnamed Defendants.

shall be brought with respect to prison conditions under section 1983. . .  or any other

Federal law, by a prisoner . . .  until such administrative remedies as are available are

exhausted." **42 U.S.C. § 1997e(a)**.  A litigant's failure to raise issues during an

administrative appeal can constitute a failure to exhaust administrative remedies. ***See***

***Rivera-Zurita v. INS***, 946 F.2d 118, 120 n. 2 (10th Cir.1991);  ***Kikumura v. Hurley*** 242

F.3d 950, 956 (10th Cir. 2001).

The exhaustion provisions of **42 U.S.C. § 1997e(a)** are not jurisdictional.  An

inmate must plead exhaustion in his complaint.  ***Steele v. Fed. Bureau of Prisons***,

355 F.3d 1204, 1210-11 (10th Cir. 2003), *cert. denied*, 543 U.S. 925 (2004).  He "must

provide a comprehensible statement of his claim and also either attach copies of

administrative proceedings or describe their disposition with specificity." ***Id.*** at 1211.

An inmate cannot satisfy the PLRA's exhaustion requirement with a blanket statement

that he has exhausted his remedies.  Further, when multiple claims are present in a

single lawsuit, the PLRA requires that all available remedies be exhausted as to all

claims, or the complaint must be dismissed.  ***Ross v. County of Bernalillo***, 365 F.3d

1181, 1188-89 (10th Cir. 2004) (adopting the "total exhaustion" rule).  "In the absence of

particularized averments concerning exhaustion showing the nature of the

administrative proceeding and its outcome, the action must be dismissed under §

1997e." ***Steele,*** 355 F.3d at 1210.

Attached to the Plaintiff's initial Complaint are various grievances Plaintiff filed

during his incarceration from November 30, 2004, until his release on September 2,

2006.  All of the grievances concern the conditions of Plaintiff's confinement at the

Denver County Jail and the return of his personal belongings allegedly confiscated while in prison.  On June 5, 2006, Plaintiff filed his Amended Complaint, insisting that he exhausted his administrative remedies stating: "I have extensively exhausted all grievance and administrative remedies including contacting the U.S. Department of Justice, Civil Rights Division, re: Doc. No. 240792 (copies attached) and the Office of Independent Monitor." *(Amd. Compl., p. 7).*  Yet, Plaintiff fails to attach to the Amended Complaint copies of the grievance forms or describe with sufficient detail how he exhausted each of his claims and the disposition of those grievances.

It is well established that an amended complaint, filed pursuant to **FED. R. CIV. P. 15(a)**, supersedes the complaint it modifies and renders the prior complaint of no legal effect. ***Davis v. TXO Production, Corp.,*** 929 F.2d 1515, 1516 (10th Cir. 1991)(quoting **6 C. Wright, A. Miller & M. Kane,** *Federal Practice and Procedure,* para. 1476, at 556-57 (2d. ed. 1990)***; Braun v. Stotts,*** 1997 WL 383034, *1 -2 (D. Kan. 1997). However, pursuant to **FED. R. CIV. P. 10(c),** specific allegations of the prior complaint may be referenced or incorporated by the amended complaint, but only if reference to allegations in the prior complaint is direct and specific.  ***Braun,*** 1997 WL 383034 at *1-2.  As a *pro se* litigant, Plaintiff is entitled to have his pleadings construed liberally; he nevertheless is subject to the same rules of procedure that govern other litigants. ***Id.; Fullerton v. Maynard,*** 943 F.2d 57, 1991 WL 166400, at *2 (10th Cir. 1991) (table) (citations omitted); ***see Davis,*** 929 F.2d at 1517.  Plaintiff's Amended Complaint makes no reference to the grievance forms attached to his initial Complaint.  Accordingly, the Amended Complaint's allegations and attachments– or lack thereof– with respect to

8

exhaustion, supersede the allegations in the initial Complaint. *See Braun,* 1997 WL 383034 at *1-2.

The operative complaint here is Plaintiff's Amended Complaint, which is devoid of a detailed description of the administrative remedies Plaintiff pursued and their disposition. To satisfy the burden of pleading exhaustion of administrative remedies, Plaintiff must "either attach copies of administrative proceedings or describe their disposition with specificity. *Steele v. Federal Bureau of Prisons,* 355 F.3d 1204, 1211 (10th Cir. 2003). Plaintiff's Amended Complaint neither describes with specificity the grievance procedures Plaintiff followed, nor does it include attachments of documentation demonstrating exhaustion. Plaintiff's Amended Complaint is devoid of any allegations concerning what administrative remedies were available and what specific administrative procedures, if any, he utilized.

Assuming *arguendo* that Plaintiff's initial Complaint has any continuing legal effect, Plaintiff has still failed to demonstrate complete exhaustion of his claims. In order to sufficiently demonstrate exhaustion, an inmate at Denver County Jail must first seek to resolve his issues informally through a discussion with the building officer. *(Def. Ex. A).* If unsuccessful, the Plaintiff must send a written kite to the building sergeant or watch commander. *(Id.)* If these informal attempts are unsatisfactory, the inmate must commence the formal grievance process, which requires the following: (a) a grievance form must be completed and submitted to a member of the Operations Staff; (b) if still not satisfied, the inmate must then write a sealed letter to the jail commander; (c) if still aggrieved, the inmate must then write a sealed letter to the

9

Division Chief describing the specific grievance as well as all previous steps taken in the grievance process; (d) and if still not satisfied, the inmate must submit a personal letter to the Director of Corrections. *(Id.)*

The Tenth Circuit has adopted the concept of total exhaustion in connection with the Prison Litigation Reform Act (PLRA) exhaustion requirement. With regard to this concept, the Court stated as follows:

> In the PLRA context, a total exhaustion rule would encourage prisoners to make full use of inmate grievance procedures and thus give prison officials the first opportunity to resolve prisoner complaints. It would facilitate the creation of an administrative record that would ultimately assist federal courts in addressing the prisoner's claims. Moreover, it would relieve district courts of the duty to determine whether certain exhausted claims are severable from other unexhausted claims that they are required to dismiss. Prisoners suing under § 1983, no less than habeas petitioners, can be expected to adhere to this straightforward exhaustion requirement. Finally, the total exhaustion rule will not increase the burden on federal courts, but will instead tend to avoid at least some piecemeal litigation. ***Ross v. County of Bernalillo****,* 365 F.3d 1181, 1190 (10th Cir.2004).

Thus, the court held that an action containing both exhausted and unexhausted claims is subject to dismissal: "[w]e agree that the PLRA contains a total exhaustion requirement, and hold that the presence of unexhausted claims in [the plaintiff's] complaint required the district court to dismiss his action in its entirety without prejudice." ***Ross****,* 365 F.3d at 1189.

A review of the attached inmate's grievance forms reveals that Plaintiff failed to present his issues to the jail commander, to the Division Chief, and to the Director of Corrections.  Only two grievances (numbered 55195 and 65207) describe any response to Plaintiff's grievances, and neither– either individually or collectively--

demonstrates total exhaustion of his administrative remedies as to all of his present

claims for relief.[2]  **See Ross,** 365 F.3d at 1190 (requiring total exhaustion of claims).

Thus, assuming that Plaintiff's initial Complaint has any viability, Plaintiff has still failed

to demonstrate total exhaustion of his administrative remedies, and his claims should

be dismissed for failure to comply with PLRA's exhaustion requirement.[3]

Accordingly, **IT IS RECOMMENDED** that:

1.      Defendants' Motion for Judgment on the Pleadings or, in the alternative,

for Summary Judgment [doc. #  55], filed September 27, 2006, be

**GRANTED**; and

2.      That this civil action be **DISMISSED** without prejudice.

---

[2] Grievance numbers 55195 and 55197 addresses Plaintiff's inability to pray in accordance with his religious beliefs.  Grievance number 55165 addresses Plaintiff's request to have his religious items returned to him.  Grievance number 55186 addresses Plaintiff's desire to participate in Ramadan and to be given special meals.  Grievance number 55196 addresses the alleged confiscation of Plaintiff's legal and religious mail.  Grievance number 65207 addresses an alleged conspiracy by Defendant Schaefer and other deputies and supervisors to "hinder and obstruct [Plaintiff] and other Muslims from the observance of our religious practices and requirements through retaliation, retribution and humiliation" and "to include harassment, threats and punishments, without due process, as a result of charges spurious in nature. . . ."

[3] Recently, the Tenth Circuit has again addressed the total exhaustion requirement, finding a limited exception to the total exhaustion rule.  **Kikumura v. Osagie,** 461 F.3d 1269,1290 (10th Cir.2006).  "[T]he total exhaustion rule does not require dismissal of the entire action where, subsequent to the filing of the lawsuit, the prison grievance system has issued a final denial of any unexhausted claims on procedural grounds."  **Kikumura,** 461 F.3d at 1288.  "Where the plaintiff submits the unexhausted claim to the prison grievance system after filing suit, and the prison issues a final rejection of that claim for untimeliness, [the policy considerations underlying the total exhaustion rule] are inapposite."  **Kikumura,** 461 F.3d at 1288.  This narrow exception to the total exhaustion doctrine established in **Kikumura** does not appear to apply in this case.

**IV.     Advisement to the Parties.**

Within ten days after service of a copy of the Recommendation, any party may serve and file written objections to the magistrate judge's proposed findings and recommendations with the Clerk of the United States District Court for the District of Colorado.  **28 U.S.C. § 636(b)(1); FED. R. CIV. P.  72(b)**;  *In re Griego*, 64 F.3d 580, 583 (10th Cir. 1995).

The district judge shall make a *de novo* determination of those specific portions of the proposed findings or recommendations to which a specific objection is made.  **28 U.S.C. § 636(b)(1)**.  A general objection that does not put the district court on notice of the basis for the objection will not preserve the objection for *de novo* review.  *See In re Griego*, 64 F.3d at 583;  *United States v. One Parcel of Real Property Known As 2121 East 30th Street, Tulsa, Oklahoma*, 73 F.3d 1057, 1060 (10th Cir. 1996).  The district judge may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge.  **28 U.S.C. § 636(b)(1)**.

"[A] party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for de novo review by the district court or for appellate review."  *One Parcel of Real Property*, 73 F.3d at 1060.  Failure to make timely objections may bar *de novo* review by the district judge of the magistrate judge's proposed findings and recommendations and will result in a waiver of the right to appeal from a judgment of the district court based on the proposed findings and recommendations of the magistrate judge.  *See Vega v. Suthers*, 195 F.3d 573, 579-80 (10th Cir. 1999) (district court's decision to review a magistrate's recommendation *de*

12

*novo* despite the lack of an objection does not preclude application of the "firm waiver rule"); ***One Parcel of Real Property***, 73 F.3d at 1059-60 (a party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for *de novo* review by the district court or for appellate review); ***Int'l Surplus Lines Ins. Co. v. Wyo. Coal Ref. Sys., Inc.***, 52 F.3d 901, 904 (10th Cir. 1995) (by failing to object to certain portions of the magistrate's order, cross-claimant had waived its right to appeal those portions of the ruling); ***Ayala v. United States***, 980 F.2d 1342, 1352 (10th Cir. 1992) (by their failure to file objections, plaintiffs waived their right to appeal the magistrate's ruling). ***But see, Morales-Fernandez v. INS***, 418 F.3d 1116, 1122 (10th Cir. 2005) (firm waiver rule does not apply when the interests of justice require review).

   **DATED** at Denver, Colorado, this 17th day of January, 2007.

                                   BY THE COURT:


                                   ___s/Craig B. Shaffer_____
                                   United States Magistrate Judge