IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
JUDGE WALKER D. MILLER

Civil Action No. 06-cv-00945-WDM-CBS

ADBU-LATIF K. ABU-NANTAMBU-EL,

    Plaintiff,

v.

DIRECTOR, DENVER SHERIFF'S DEPARTMENT, et al.,

    Defendants.

_____

**ORDER ON MOTION FOR RECONSIDERATION**
_____

Miller, J.

    This matter is before me on the Motion for Reconsideration of Court Order of Judge Walker D. Miller (doc no. 70) ("Motion") filed by Plaintiff. Plaintiff challenges my March 2, 2007 order accepting the recommendations of Magistrate Judge Craig B. Schaffer and dismissing Plaintiff's complaint without prejudice.

    The Federal Rules of Civil Procedure do not provide for motions for reconsideration. In general, the Tenth Circuit construes a motion to reconsider that is filed within ten days after an order or judgment as a motion to alter or amend pursuant to Rule 59(e); a motion to reconsider filed after ten days is treated as a motion for relief from judgment under Rule 60(b). *Weitz v. Lovelace Health Sys., Inc.*, 214 F.3d 1175, 1178 (10th Cir. 2000). Plaintiff's motion was filed within the ten-day period after judgment entered on March 5, 2007. Accordingly, I construe the motion as one to alter or amend the judgment pursuant to Rule 59(e).

A motion to alter or amend a judgment pursuant to Fed. R. Civ. P. 59(e) should be granted only to address (1) an intervening change in the controlling law; (2) new evidence previously unavailable; or (3) the need to correct clear error or prevent manifest injustice. *Servants of the Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000). Such a motion is not an appropriate vehicle to "advance arguments that could have been raised in prior briefing." *Id. See also Phelps v. Hamilton*, 122 F.3d 1309, 1324 (10th Cir. 1997) ("A Rule 59(e) motion to alter or amend the judgment should be granted only 'to correct manifest errors of law or to present newly discovered evidence'") (citations omitted).

Plaintiff did not file a timely objection to the recommendations issued by Magistrate Judge Shaffer. Under the law of this circuit, the failure to make a timely objection to the magistrate's findings or recommendations waives appellate review of both factual and legal questions, unless the ends of justice require otherwise or when the magistrate's order does not apprise the *pro se* litigant of the consequences of a failure to object. *Moore v. United States,* 950 F.2d 656, 659 (10th Cir. 1991). Magistrate Judge Shaffer's recommendations each contain a clear advisement of the consequences of the failure to object. Plaintiff provides no explanation for his failure to file objections, other than to state he has been reincarcerated and he is "not receiving all the recent pleadings of the defendants." This does not demonstrate that the interests of justice would excuse Plaintiff's failure in this regard. Moreover, Plaintiff neither raises new evidence nor argues an intervening change

in the controlling law; everything in Plaintiff's Motion could have been raised in properly filed objections to the Magistrate Judge's order.

Accordingly, Plaintiff's Motion for reconsideration is denied.

DATED at Denver, Colorado, on June 12, 2007.

             BY THE COURT:


             s/ Walker D. Miller
             United States District Judge