IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
JUDGE WALKER D. MILLER

Civil Action No. 06-cv-00945-WDM-CBS

ADBU-LATIF K. ABU-NANTAMBU-EL,

    Plaintiff,

v.

DIRECTOR, DENVER SHERIFF'S DEPARTMENT, et al.,

    Defendants.

_____

**ORDER ON MOTION FOR RELIEF FROM JUDGMENT**
_____

Miller, J.

    This matter is before me on the Motion for Relief from Judgment or Order Pursuant to Fed. R. Civ. Pro. 60(b) (doc no 90) filed by Plaintiff.  Plaintiff again seeks to revisit my March 2, 2007 order accepting the recommendations of Magistrate Judge Craig B. Shaffer and dismissing Plaintiff's complaint without prejudice.  Plaintiff failed to object to Magistrate Judge Shaffer's recommendation at the time, but filed a Motion for Reconsideration (doc no 70) after entry of my order.  I construed that motion as a motion to alter or amend judgment pursuant to Fed. R. Civ. P. 59(e) and denied it because Plaintiff did not demonstrate entitlement to relief.  Plaintiff did not provide an explanation for his failure to object to the recommendation and so I concluded that his objections were waived.

    In this motion, Plaintiff now states that he never received Magistrate Judge Shaffer's recommendation and that is the reason he failed to timely file objections.  In the motion for reconsideration, Plaintiff stated that he had been reincarcerated and he was "not receiving

all the recent pleadings of the defendants." He contends that since he is *pro se*, I should have construed this "liberally" and understood that he meant to inform me that he did not receive the recommendations. Plaintiff's failure in this regard, however, is not a matter of unfamiliarity with legal principles. He was capable of conveying this information at the time he received notice of the recommendations and order and could have requested additional time for filing objections. In addition, it appears that the reason that he did not receive the recommendations is that he did not keep the court apprised of his address changes. Accordingly, Plaintiff has not shown excusable neglect or other good cause and I maintain my previous conclusion that Plaintiff waived his objections.

Plaintiff's remaining arguments on the merits do not present any issues that could not have been raised in timely filed objections. "Rule 60(b) is 'not available to allow a party merely to reargue an issue previously addressed by the court when the reargument merely advances new arguments or supporting facts which were available for presentation at the time of the original argument.'" *FDIC v. United Pacific Ins. Co.*, 152 F.3d 1266, 1272 (10th Cir. 1998) (citation omitted). Plaintiff has not demonstrated entitlement to relief under Rule 60(b) and his motion is denied.

DATED at Denver, Colorado, on October 18, 2007.

BY THE COURT:

s/ Walker D. Miller
United States District Judge

2