IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
JUDGE WALKER D. MILLER

Civil Action No. 06-cv-00945-WDM-CBS

ABDU-LATIF K. ABU-NANTAMBU-EL,

    Plaintiff,

v.

DIRECTOR, DENVER SHERIFF'S DEPARTMENT, et al.,

    Defendants.

_____

## ORDER ON MOTION FOR RECONSIDERATION
_____

Miller, J.

    This matter is before me on the "Motion for Court Order" (docket no. 99) filed by

Plaintiff.  Plaintiff challenges my October 3, 2007, order denying him leave to proceed

in forma pauperis on appeal in this action.

    The Federal Rules of Civil Procedure do not provide for motions for

reconsideration.  In general, the Tenth Circuit construes a motion to reconsider that is

filed within ten days after an order or judgment as a motion to alter or amend pursuant

to Rule 59(e); a motion to reconsider filed after ten days is treated as a motion for relief

from judgment or order under Rule 60(b).  *Weitz v. Lovelace Health Sys., Inc.*, 214 F.3d

1175, 1178 (10th Cir. 2000).  Plaintiff's motion was filed more than ten days after the

order in question was entered on October 3, 2007.  Accordingly, I construe the motion

as asserted pursuant to Rule 60(b).  Relief under Rule 60(b) is appropriate only in

extraordinary circumstances.  *See Massengale v. Oklahoma Bd. of Examiners in*

*Optometry*, 30 F.3d 1325, 1330 (10th Cir. 1994).

Plaintiff filed two separate motions seeking leave to proceed in forma pauperis on appeal. I denied those motions because, although Plaintiff submitted a copy of his inmate trust fund account statement in support of the motions, the account statement was not certified by a prison official as required pursuant to 28 U.S.C. § 1915(a)(2). Plaintiff alleges in his motion for reconsideration that he was unable to submit a certified copy of his inmate trust fund account statement because prison officials refused to certify his account statement.

Upon consideration of the motion to reconsider and the entire file, I find that Plaintiff fails to demonstrate the existence of any extraordinary circumstances that would justify a decision to reconsider and vacate the order denying him leave to proceed in forma pauperis on appeal. Even assuming Plaintiff was unable to obtain a certified copy of his inmate trust fund account statement from prison officials, he fails to explain why he did not advise me of his inability to obtain a certified copy of his trust fund account statement when he submitted the uncertified statement. Instead, Plaintiff apparently assumed that I would accept an uncertified account statement without an explanation even though the form in forma pauperis motion he filed specifically states that a certified account statement is required. I cannot act on information that has not been presented to me. Accordingly, it is

ORDERED that the "Motion for Court Order" (docket No. 99) filed on October 19, 2007, is denied.

DATED at Denver, Colorado, this <u>26th</u> day of <u>October</u>, 2007.

BY THE COURT:

s/ Walker D. Miller

_____

Walker D. Miller
United States District Judge